# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **JULLIAN HUFFMAN,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:22CV00014 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **THE WISE COUNTY HOUSING AUTHORITY, ET AL.,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendants. | ) | |

*Jullian Huffman, Pro Se Plaintiff.*

The plaintiff, proceeding pro se, has filed this action alleging that defendants Cindi L. Smoot and the Wise County Housing Authority brought a false criminal charge in an underlying state action. For the reasons that follow, I will dismiss the action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because it fails to state a claim upon which relief may be granted.

I.

The plaintiff, Jullian Huffman, filed this action claiming that the defendants pressed a "false felony charge" against Huffman. Am. Compl. ¶ 6, ECF No. 4. Huffman previously filed a motion seeking leave to proceed in this case in forma pauperis pursuant to 28 U.S.C. § 1915(a). I granted that motion and allowed Huffman to file an Amended Complaint. Because Huffman filed the Amended Complaint in forma pauperis, I will address it sua sponte pursuant to 28 U.S.C. §

1915(e)(2)(B)(ii).  *Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996) (stating that sua sponte dismissals are "freely permitted" under § 1915, citing *Denton v. Hernandez*, 504 U.S. 25, 32 (1992)).

A district court shall dismiss a case filed in forma pauperis at any time if the court determines that the action is frivolous or malicious, or that it fails to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2)(B); *Michau v. Charleston Cnty.*, 434 F.3d 725, 728 (4th Cir. 2006).  This statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A pro se complaint must be construed liberally.  *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).  However, even under this less stringent standard, the pro se complaint is subject to sua sponte dismissal when it fails to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).

II.

According to the Amended Complaint, Cindi L. Smoot "with the Wise County [Virginia] Housing Authority" instituted a felony charge against Huffman at the Wise Justice Center on August 13, 2021. Am. Compl. ¶ 6, ECF No. 4.  The charge was for destruction of property arising out of an August 6, 2021, incident in which Huffman purportedly broke a window and door at the Inman Village

Apartments in Appalachia, Virginia. Huffman alleges that camera footage shows only a broken window worth $250, which Huffman contends should have amounted to a misdemeanor.

Huffman was arrested on the felony charge on February 12, 2022, and is currently being detained at the Duffield Regional Jail. The underlying case is currently pending in the Wise County Circuit Court and is scheduled for trial to begin September 9, 2022. Huffman contends that this felony charge is false and feels aggrieved because "Smoot will not agree to amend the charge to a . . . [m]isdemeanor." Am. Compl. ¶ 6, ECF No. 4. Huffman seeks $10,000 in damages and requests that the court "amend the felony charge to a Class 1 Misdemeanor or drop the charge." *Id.* at 5.

Construed liberally, Huffman's "false charge" allegation amounts to a claim for malicious prosecution. To state both a Fourth Amendment malicious prosecution claim pursuant to 42 U.S.C. § 1983 and a malicious prosecution claim under Virginia law, a plaintiff must allege that they obtained favorable termination of the underlying criminal prosecution. *Thompson v. Clark*, 142 S. Ct. 1332, 1335 (2022); *Lewis v. Kei*, 708 S.E.2d 884, 889 (Va. 2011). Here, Huffman's underlying criminal prosecution is ongoing, so Huffman's claim fails. Moreover, Huffman is not entitled to the injunctive relief sought — this court's interference in the pending state court proceedings. *Cf. Kugler v. Helfant*, 421 U.S. 117, 123–24 (1975).

For the foregoing reasons, I will dismiss the Amended Complaint for failure to state a claim. A separate order will be entered herewith.

ENTER: August 15, 2022

/s/  JAMES P. JONES
Senior United States District Judge